ESTATE OF C. WILLIAM MEINECKE, THE TRUST COMPANY OF NEW JERSEY AND EDWARD BOSE, EXECUTORS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107147.  Promulgated August 21, 1942.

*Theodore L. Harrison, Esq.*, for the petitioner.
*Robert S. Garnett, Esq.*, for the respondent.

636

638

**OPINION.**

Van Fossan: The central question in this case is whether from the record of negotiations, letters, agreements, and other documents we can spell out a completed or executed contract before 5:20 a. m. of March 24, 1938, the date of decedent's death, or whether the option or offer to sell proposed by decedent did not mature into a contract until actually accepted by Davol on March 25. Or, as stated by counsel for the Government at the hearing, "The sole question is: was this agreement a binding agreement while Meinecke lived? If it was, he individually was taxable on the profit made from that agreement. If the agreement did not become binding and enforceable during Meinecke's lifetime then the profit from that agreement is not taxable to Meinecke individually."

A reading of the facts leads us clearly to the conclusion that petitioner is correct in his position and that no completed or enforceable contract was entered into during decedent's lifetime. There can be

no question that the parties so considered it. See *Commissioner* v. *Segall*, 114 Fed. (2d) 706. In the letter of March 18, 1938, transmitting the proposed agreement to Davol, the decedent stated:

* * * I herewith offer said agreement for acceptance by you—provided the same is satisfactory to you and is accepted by you in writing on or before the 25th day of March 1938.

In this letter decedent twice referred to the proposed agreement as an offer, stating:

I agree that the offer which I make to you, as evidenced by said instrument, may be modified by you before the acceptance thereof by making minor changes therein * * * such changes, however, to be approved by my attorney, Mr. Warland, above mentioned, and, if accepted by you with any such changes, will be fully binding upon me as if such changes had been made prior to my execution of the instrument.

In Warland's letter to Davol, dated March 19, the arrangement is referred to as "an option until March 25th." Davol's letter of March 23 to Warland, suggesting two typographic changes, states: "With these two changes, if you will forward the contracts to us, they will immediately be signed."

Thus the matter stood when Meinecke died. The offer or option had not been accepted. The contracts had not been signed. Although on March 23 Davol fully intended to consummate the contracts, there existed a *locus poenitentiae* within which they could have changed their minds and elected not to sign and complete the contracts. The signature of Davol was affixed on March 25. At that time the offer ripened into a completed contract. Then and not before did Davol assume any enforceable obligations.

Petitioner decedent was not taxable in his lifetime on the profit arising from the contract of March 25, 1938. See *Lucas* v. *North Texas Lumber Co.*, 181 U. S. 11.

*Decision will be entered under Rule 50.*